COPY

1  Alfred J. Landegger, Esq. - State Bar No. 084419
   alandegger@constangy.com
2  CONSTANGY, BROOKS & SMITH, LLP
   15760 Ventura Boulevard, Suite 1200
3  Encino, California 91436
   Telephone: (818) 986-7561
4  Facsimile: (818) 986-5147

5  Attorneys for Defendants, Sky Chefs, Inc.
   and Bacilia Laza

6

7

FILED
CLERK, U.S. DISTRICT COURT

APR 1 1 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  DENNIS CARDONA,                    )  CASE NO.:
                                       )
12            Plaintiff,               )  CV11-03019 GAF(Ex)
                                       )
13       v.                            )
                                       )  DEFENDANTS' NOTICE OF
14  SKY CHEFS, INC., a Delaware        )  REMOVAL TO DISTRICT COURT
    corporation; LSG SKY CHEFS, a      )
15  business entity form unknown; BACILIA )
    LAZA; DOES 1 through 100, Inclusive )
16                                     )
            Defendants.                )
17  _____  )

18       TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT

19  COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, TO ALL PARTIES

20  HEREIN AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

21       Defendants Sky Chefs, Inc. ("Sky Chefs") and Bacilia Laza hereby remove to

22  this Court the State Court action described below based on 28 U.S.C. §1332:

23       1.    On June 18, 2010, Plaintiff commenced a lawsuit against Defendants

24  arising from his former employment with Defendant, Sky Chefs. See **Exhibit "A"**.

25  This lawsuit was filed in the Superior Court of the State of California in Los

26  Angeles, and it is styled Sky Chefs, Inc. a Delaware corporation; LSG Sky Chefs, a

27  business entity form unknown; Bacilia Laza; and Does 1 through 100, Inclusive,

28

                                      1
       **DEFENDANTS' NOTICE OF REMOVAL TO DISTRICT COURT**
                                              Printed on recycled paper

1   Case No. BC439997 ("Action").  See **Exhibit "A"**.

2       2.   Sky Chefs was served with process in July 2010, and on Ms. Laza in
3   July 2010. See **Exhibit "A"** LSG Sky Chefs is an assumed name and not a legal
4   entity. See **Exhibit "B"** Does 1 through 100 have not been identified or served with
5   process.  Consequently, the consent to removal is not necessary from LSG Sky Chefs
6   or Does 1 through 100. 28 U.S.C. §1441(a) ("For purposes of removal under this
7   chapter, the citizenship of defendants sued under fictitious names shall be
8   disregarded."); *Touche Ross & Co., v. Angeloff,* 846 F.2d 1190, 1193 (9th Cir.
9   1988)("[U]nder 28 U.S.C §1446(a), all defendants in a state action must join in the
10  petition for removal, except for nominal, unknown or fraudulently joined parties.
11  This general rule applies, however, only to defendants properly joined and served in
12  the action."); *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980).
13  All Defendants served with process, however, agree and consent to removal of this
14  Action to federal court. See **Exhibits "B" and "C"**.

15      3.   Copies of all state court pleadings, process and orders are attached
16  hereto as **Exhibit "A"**.  Plaintiff asserted a jury demand in his initial pleading. See
17  **Exhibit "A"**.

18      4.   On March 8, 2011, Plaintiff testified in a deposition and established that
19  he could not possibly prevail on his defamation claim against Ms. Laza, a non-
20  diverse party.  Defendants' Notice of Removal is filed within thirty days of March 8,
21  2011 (i.e. the date on which Defendants learned that Plaintiff could not possibly
22  prevail on his defamation claim against Ms. Laza); therefore, it is timely filed under
23  28 U.S.C. §1446(b). See **Exhibit "A"**. A year has not expired since Plaintiff filed
24  this Action on June 18, 2010.  28 U.S.C. §1446(b); **Exhibit "A"**.

25      5.   This is an action over which the District Courts of the United States
26  have original jurisdiction under 28 U.S.C. §1332(a) in that it is a civil matter in

27

28

2

**DEFENDANTS' NOTICE OF REMOVAL TO DISTRICT COURT**

1  which the matter in controversy allegedly exceeds $75,000.00 exclusive of interest

2  and costs, and it is between citizens of different states.

3       6.   Plaintiff is citizen of California. See **Exhibit "A"**.  Pursuant to 28

4  U.S.C. §1332(c)(1) and for diversity-of-citizenship purposes, a corporation is a

5  citizen of any state in which it is incorporated and where it has its principal place of

6  business. Defendant, Sky Chefs, Inc., is a citizen of Delaware because it is

7  incorporated under the laws of this state. See **Exhibit "B"**. Based on the "nerve

8  center" test, Sky Chefs is *also* a citizen of Texas because its principal place of

9  business is in Texas. *The Hertz Corp., v. Friend*, 130 S.Ct. 1181, 1192 (2010) ("We

10  conclude that 'principal place of business' is best read as referring to the place where

11  a corporation's officers direct, control, and coordinate the corporation's activities. It

12  is … the corporation's 'nerve center.'"). As established in **Exhibit "B"** Sky Chefs'

13  headquarters is located in Texas.  Texas is also where Sky Chefs' officers direct,

14  control and coordinate the corporation's activities. See **Exhibit "B"**. As such, Sky

15  Chefs has its principal place of business in Texas, and, thus, it is a citizen of Texas

16  under 28 U.S.C. §1332(c)(1).  In sum, all *proper* parties to this Action (i.e. Denis

17  Cardona and Sky Chefs, Inc.) are citizens of different states (i.e. California and

18  Delaware/Texas, respectively) and have diverse citizenship as required by 28 U.S.C.

19  §1332(a) and (c).

20       7.   Though Defendant, Bacilia Laza, is a citizen of California, she should

21  be disregarded for removal purposes based on the doctrine of improper joinder.

22  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (holding that

23  joinder is improper/fraudulent "[i]f the plaintiff fails to state a cause of action against

24  a resident defendant, and the failure is obvious according to the settled rules of the

25  state."). This doctrine, also known as "fraudulent joinder," holds that if a plaintiff

26  fails to state a cause of action against a resident/non-diverse defendant, then that

27  "defendant may be disregarded for the purposes of determining diversity

28

3

**DEFENDANTS' NOTICE OF REMOVAL TO DISTRICT COURT**

1  jurisdiction." See *McCabe v. Gen. Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir.

2  1987). Since Plaintiff cannot possibly establish a defamation claim against Ms.

3  Laza, Plaintiff improperly joined her to this Action.

4      8.    First, Plaintiff cannot prevail against Ms. Laza based on a defamation

5  claim because he neither alleges nor argues that Ms. Laza published to a third-party a

6  fact about him. *Taus v. Loftus,* 54 Cal. Rptr. 3d 775, 804 (Cal. 2007). Plaintiff's

7  claim of defamation against Ms. Laza encompasses a single telephone call and a

8  notice-of-termination letter both in March 2009. See **Exhibits "C" and "D"**

9  (Cardona Depo. Pg. 85-87). On the call, Plaintiff complains that "she [Ms. Laza]

10  said she was certain that I couldn't come back to work - with or without

11  accommodations in my position or any other position in the company … [and] [t]hat

12  I needed to be a hundred percent to come back to work and I wasn't, I had too many

13  restrictions." See Id. at Pg. 87. Ms. Laza simply told Plaintiff that she did not think

14  that he could return to work because of her understanding of his physical incapacity.

15  This is nothing more than Ms. Laza's opinions and beliefs, *not facts*. Plaintiff also

16  lacks the publication-to-a-third-party element. He admittedly denied knowing if

17  anyone was on the phone or in the room with Ms. Laza; if Ms. Laza told anyone

18  about the conversation; and if Ms. Laza discussed Plaintiff with anyone else

19  whatsoever. See Id. at Pg. 87-88. With regard to the termination letter dated March

20  16, 2009 that was addressed and mailed *solely* to Plaintiff, he either agreed that the

21  letter was *not* defamatory; that it was "correct;" or that he did not know if it defamed

22  him. See Id. at Pg. 225-28; **Exhibit "C."** Again, Plaintiff lacks evidence of

23  publication because the letter was directed to and delivered only to him.

24      9.    Second, Plaintiff cannot prevail against Ms. Laza because the statements

25  about which he complains (see above) were privileged. Under Section 47(c) of the

26  California Civil Code ("Code"), a privileged communication is one made "without

27  malice, to a person interested therein, (1) by one who is also interested, or (2) by one

28

4

**DEFENDANTS' NOTICE OF REMOVAL TO DISTRICT COURT**

Printed on recycled paper

1  who stands in such a relation to the person interested as to afford a reasonable ground

2  for supposing the motive for the communication to be innocent, or (3) who is

3  requested by the person interested to give the information." This privilege applies to

4  internal statements made by an employer. *Deaile v. General Telephone Co. of*

5  *California*, 115 Cal. Rptr. 582, 585 (Cal. Ct. App. 2d 1974) (court denied plaintiff's

6  attempt to defeat employer's privilege because he failed to prove malice, among

7  other things). Here, Plaintiff has no evidence of malice on the part of Ms. Laza.

8  Also, the work-related statements that Plaintiff claims are defamatory are from Ms.

9  Laza, the "Human Resources Director," to Plaintiff. Plaintiff and Ms. Laza are

10  "interested" persons as contemplated by the Code – one an employee about who the

11  information regards, and the other a human resources professional. See **Exhibit "D"**

12  (Cardona Depo. Pg. 86); Id. The employment relationship in this case affords Ms.

13  Laza the reasonable ground to suppose that her motives were innocent and nothing

14  more than work-related communications in the scope of her human resources role.

15  Lastly, at least with regard to the telephone call, Plaintiff initially called Ms. Laza,

16  and she consequently replied. See **Exhibit "D"** (Cardona Depo. Pg. 86-88).   In

17  other words, Plaintiff called Ms. Laza and asked for the complained-about

18  statements.

19      10.    Finally, Plaintiff cannot prevail on a defamation claim against Ms. Laza

20  because he did not timely file a lawsuit. Pursuant to the Section 340(c) of the

21  California Code of Civil Procedure, a plaintiff has one year from the date of

22  defamation to file a lawsuit. The complained-about statements supposedly occurred

23  in March 2009. See **Exhibit "D"**. (Cardona Depo. Pg. 86-88, 226-228). Plaintiff,

24  however, filed this Action, including the defamation claims against Ms. Laza, on

25  June 18, 2010. See **Exhibit "A"**. Therefore, Plaintiff filed this Action well after

26  March 2010, the approximate expiration of the applicable statute of limitations.

27  Plaintiff, as a result, failed to file a defamation lawsuit against Ms. Laza within the

28

**DEFENDANTS' NOTICE OF REMOVAL TO DISTRICT COURT**

Printed on recycled paper

1    one year statute of limitations, and, thus, he cannot possibly prevail on this claim

2    against Ms. Laza.

3        11.    "When the amount [in controversy for §1332(a) purposes] is not

4    'facially apparent' [in the complaint], the court may consider facts in the removal

5    petition," including "summary-judgment-type evidence." See *Kroske v. US Bank*

6    *Corp.*, 432 F.3d 976, 980 (9th Cir. 2006). "The amount in controversy includes the

7    amount of damages in dispute, as well as attorney's fees, if authorized by statute or

8    contract." See *Id.*

9        12.    Plaintiff's allegations, if proven, may entitle him to damages in an

10   amount exceeding $75,000.00, exclusive of interest and costs.   In this Action,

11   Plaintiff seeks general and compensatory damages, lost salary, both front and back

12   pay, bonuses, benefits, pain and suffering, mental anguish and emotional distress,

13   punitive and exemplary damages, and attorney's fees in connection with seven

14   causes of action alleged in his Complaint. See **Exhibit "A".** These damages are all

15   recoverable under Section 12965 of the California Government Code.   Based on

16   Plaintiff's testimony that he earned $14 per hour and that he would have worked 40

17   hours per week and 52 weeks per year, Plaintiff would be entitled to approximately

18   $66,000 in backpay if he were to prevail at the presently-scheduled state court trial.

19   See **Exhibit "D".** (Cardona Depo. Pg. 230, 238).   In addition to this backpay, the

20   remaining elements of damages that Plaintiff seeks would certainly exceed the

21   jurisdictional minimum of $75,000 as required by 28 U.S.C. §1332(a).

22       13.    The United States District Court for the Central District of California

23   has original jurisdiction over this Action pursuant to 28 U.S.C. §1441.

24       14.    As required by 28 U.S.C. §1446(d), Defendants provided written notice

25   to Plaintiff of Defendants' Notice of Removal.   Defendants have also filed a copy of

26   this with the Clerk of the Superior Court, State of California County of Los Angeles.

27       Pursuant to these statutes and in accordance with the procedure set forth in 28

28

**DEFENDANTS' NOTICE OF REMOVAL TO DISTRICT COURT**

Printed on recycled paper

1  U.S.C. §1446, Defendants remove this Action for trial from the Superior Court, State

2  of California, County of Los Angeles, to this Court on this 8th day of April, 2011.

3  Dated:  April 8, 2011                    CONSTANGY, BROOKS & SMITH, LLP

4

5

6                                By:  _____

7                                     Alfred J. Landegger, Esq.
                                      Attorneys for Defendants Sky Chefs, Inc. and
8                                     Bacilia Laza

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

**DEFENDANTS' NOTICE OF REMOVAL TO DISTRICT COURT**

**EXHIBIT "A"**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUN 18 2010

John A. Clarke, Executive Officer/Clerk

By_____, Deputy
RUGENA LOPEZ

A6037

90045

1  Michael Nourmand, Esq. (SBN 198439)
   James A. De Sario, Esq. (SBN 262552)
2  **THE NOURMAND LAW FIRM, APC**
   1801 Century Park East, Suite 2600
3  Los Angeles, California 90067
   Telephone (310) 553-3600
4
   Attorneys for Plaintiff,
5  DENNIS CARDONA
6
7
8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA
9            FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT
10
11  DENNIS CARDONA,                     )   CASE NO.:    BC439997
                                        )
12                  Plaintiff,          )   COMPLAINT FOR:
                                        )
13          v.                          )   (1)  EMPLOYMENT DISCRIMINATION
                                        )        BECAUSE OF PHYSICAL
14                                      )        DISABILITY (Cal. Govt. Code
                                        )        §12900, et seq.);
15                                      )
16  SKY CHEFS, INC., a Delaware corporation; )   (2)  FAILURE TO REASONABLY
    LSG SKY CHEFS, a business entity form )        ACCOMMODATE PHYSICAL
17  unknown; BACILIA LAZA; and DOES 1   )        DISABILITY (Cal. Govt. Code
    through 100, Inclusive              )        §12900, et seq.);
18                                      )
19                  Defendants.         )   (3)  FAILURE TO ENGAGE IN A
                                        )        TIMELY, GOOD FAITH,
20                                      )        INTERACTIVE PROCESS WITH
                                        )        EMPLOYEE WITH A PHYSICAL
21                                      )        DISABILITY  (Cal. Govt. Code
                                        )        §12900, et seq.);
22                                      )
                                        )   (4)  RETALIATION (Cal. Govt. Code
23                                      )        §12900, et seq.);
                                        )
24                                      )   (5)  WRONGFUL TERMINATION (Cal.
                                        )        Govt. Code §12900, et seq.);
25                                      )
                                        )   (6)  WRONGFUL TERMINATION IN
26                                      )        VIOLATION OF PUBLIC POLICY;
                                        )        and
27                                      )
                                        )   (7)  DEFAMATION
28                                      )
                                            **DEMAND FOR JURY TRIAL**

CITY/CASE: BC439997 LEA/DEF#:
RECEIPT #: CCH427728083
DATE PAID: 04/19/10 02:58:19 PM
PAYMENT: $355.00
CHECK: $355.00
CHANGE:
RECEIPT: 0310

1

COMPLAINT

COMES NOW plaintiff DENNIS CARDONA (hereinafter "CARDONA" or "Plaintiff") who complains and alleges as follows:

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.      Plaintiff, CARDONA is and was, at all times relevant hereto, an individual residing in the County of Los Angeles, State of California.

2.      Plaintiff, CARDONA is a forty year old Hispanic male who suffered from low back, right knee, right foot and ankle injury.  Due to his physical disability, CARDONA is entitled to protection under California Department Fair Employment and Housing Act under California Government Code §12900 et seq. (hereinafter "FEHA") and California common law.

3.      Plaintiff is informed and believes, and thereon alleges, that, at all times herein mentioned, defendant SKY CHEFS, INC. (hereinafter "SKY" or "Defendants"), is and was a Delaware corporation duly organized, authorized, and licensed to do business in the State of California, with its principal place of business, in Los Angeles County, California.   Defendant SKY regularly employs five or more employees and falls within the requirement of FEHA and Government Code §12900 et seq.

4.      Plaintiff is informed and believes, and thereon alleges, that, at all times herein mentioned, defendant LSG SKY CHEFS (hereinafter "LSG" or "Defendants"), is and was a business entity form unknown duly organized, authorized, and licensed to do business in the State of California, with its principal place of business, in Los Angeles County, California.   Defendant LSG regularly employs five or more employees and falls within the requirement of FEHA and Government Code §12900 et seq.

5.      Plaintiff is informed and believes, and thereon alleges, that, at all times herein mentioned, defendant BACILIA LAZA ("LAZA" or "Defendants"), is and was at all times relevant hereto, an individual residing in the County of Los Angeles, State of California.  Plaintiff is further informed and believes that LAZA, is and was at all times relevant hereto, employed by SKY and LSG as a Human Resources Manager at the Los Angeles location.

6.      Defendants, SKY and LSG are joint employers in that they are and were operating as a joint enterprise and the employer of Plaintiff.

COMPLAINT

7.    The true names and capacities, whether individual, corporate or associate, or otherwise, of the Defendants named herein as DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sue said Defendants by such fictitious names pursuant to California Code of Civil Procedure Section 474, and Plaintiff will amend this complaint to show their true names and capacities when the same have been ascertained.  Plaintiff is informed and believes and based upon such information and belief, alleges that all defendants sued herein as DOES are in some manner responsible for the acts herein alleged and that Plaintiff's damages were proximately caused by their conduct.

8.    Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venturer or co-conspirator of each of the other Defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture and conspiracy.

9.    All of the acts and conduct herein and below described of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers.  In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

10.    Plaintiff was hired by Defendants in or about 1997 until 1999 as a Truck Driver, from 1999 to 2005 as a Coordinator and from 2005 to the date of his injury in 2006 as a Truck Driver.  At all times herein mentioned CARDONA was qualified for and was able to perform his essential duties as a Truck Driver.

///

///

COMPLAINT

11.     In or about January 2006, Plaintiff suffered injury to his lower back, right knee, right foot and ankle.  Plaintiff's doctors placed him off work and released him back to work on or about March 26, 2007 with restrictions.  Plaintiff provided a copy of the doctor's note to Defendants.  After several attempts by Plaintiff to get an answer from Defendants, in or about April 2007, Defendants indicated that there was nothing that they could do for him.

12.     In or about July 2007, Plaintiff was taken off work by his doctors.  Plaintiff provided a copy of the doctor's note to Defendants.  In or about October 2007, Plaintiff was released back to work with restrictions.  Plaintiff provided Defendants with a copy of the doctor's note.  Defendants simply placed Plaintiff's doctor's note in his file.  In or about March 2009, Defendants mailed a letter to CARDONA terminating his employment.

13.     Plaintiff filed a complaint with the Department of Fair Employment and Housing against Defendants and obtained the Notice of Right to Sue.

## FIRST CAUSE OF ACTION

## (EMPLOYMENT DISCRIMINATION BECAUSE OF PHYSICAL
## DISABILITY AGAINST SKY, LSG AND DOES)

14.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

15.     Defendants, and each of them, discriminated against Plaintiff by treating him differently and terminating his employment because of his physical disability.  Defendants actions were in violation of the FEHA, California Government Code §12900, et seq.

16.     At all times Plaintiff was an employee within the meaning of California Government Code §12926 and at all times during his employment he performed in a competent, satisfactory manner.

17.     Plaintiff is informed and believes and based thereon alleges that in addition to the practices enumerated above, Defendants may have engaged in other discriminatory practices against him which are not yet fully known.  At such time as such discriminatory practices become known to him, Plaintiff will seek leave of Court to amend this Complaint in that regard.

///

18.     Plaintiff filed Charges of Discrimination with the California department of Fair Employment and Housing (hereinafter "DFEH").  Plaintiff has exhausted his administrative remedies, received his Notices of Right to Sue letter, and timely files this action.

19.     As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against him, Plaintiff has sustained, and continues to sustain, loss of earnings, the full nature and extent of which are presently unknown to Plaintiff, who therefore, will seek leave of court to amend his complaint at such time as these damages are fully ascertained.

20.     As a further direct and proximate result of Defendants' discriminatory conduct and actions against him in violation of Government Code § 12900 et. seq. as heretofore described, Plaintiff has been damaged and deprived of the security, solace and piece of mind for which he entered the employment relationship with Defendants, and each of them, thereby causing him to suffer emotional and mental distress, anguish, embarrassment and humiliation, all to his general damages in an amount according to proof at trial, but in excess of the jurisdictional amount of this court.

21.     Plaintiff further requests attorney fees be awarded to him pursuant to California Government Code §12965.

22.     Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Defendants described above was done with malice, fraud and oppression and with conscious disregard for his rights and with the intent, design and purpose of injuring him. Defendants, through their officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

## (FAILURE TO REASONABLY ACCOMMODATE PHYSICAL DISABILITY AGAINST SKY, LSG AND DOES)

23.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

24. Defendants, and each of them, discriminated against Plaintiff by failing to reasonably accommodate Plaintiff because of his physical disability in violation of the California Fair Employment and Housing Act, California Government Code §12900, et seq.

25. At all times Plaintiff was an employee within the meaning of Cal. Govt. Code §12926 and at all times during his employment he performed in a competent, satisfactory manner. Plaintiff is informed and believes that the reasonable accommodations which he requested would not have created an undue burden for Defendants.

26. Plaintiff is informed and believes and based thereon alleges that in addition to the practices enumerated above, Defendants may have engaged in other discriminatory practices against him which are not yet fully known. At such time as such discriminatory practices become known to him, Plaintiff will seek leave of Court to amend this Complaint in that regard.

27. Plaintiff filed Charges of Discrimination with the DFEH. Plaintiff has exhausted his administrative remedies, received his Notice of Right to Sue letter and timely files this action.

28. As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against him, Plaintiff has sustained, and continues to sustain, loss of earnings, the full nature and extent of which are presently unknown to Plaintiff, who therefore, will seek leave of court to amend his complaint at such time as these damages are fully ascertained.

29. As a further direct and proximate result of Defendant's discriminatory conduct and actions against him in violation of Government Code § 12900 et. seq. as heretofore described, Plaintiff has been damaged and deprived of the security, solace and piece of mind for which he entered the employment relationship with Defendants, and each of them, thereby causing him to suffer emotional and mental distress, anguish, embarrassment and humiliation, all to his general damages in an amount according to proof at trial, but in excess of the jurisdictional amount of this court.

30. Plaintiff further requests attorney fees be awarded to him pursuant to California Government Code §12965.

///

///

31.     Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Defendants described above was done with malice, fraud and oppression and with conscious disregard for his rights and with the intent, design and purpose of injuring him. Defendants, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum according to proof at trial.

### THIRD CAUSE OF ACTION

### (FAILURE TO ENGAGE IN A TIMELY, GOOD FATH, INTERACTIVE PROCESS WITH AN EMPLOYEE WITH A PHYSICAL DISABILITY AGAINST SKY, LSG AND DOES)

32.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

33.     Defendants, and each of them, discriminated against Plaintiff by failing to engage in a timely, good faith, interactive process with Plaintiff to determine reasonable accommodations in response to Plaintiff's request in violation of California Government Code §12940(n).

34.     At all times Plaintiff was an employee within the meaning of California Govt. Code §12926 and at all times during his employment he performed in a competent, satisfactory manner.

35.     Plaintiff is informed and believes and based thereon alleges that in addition to the practices enumerated above, Defendants may have engaged in other discriminatory practices against him which are not yet fully known. At such time as such discriminatory practices become known to him, Plaintiff will seek leave of Court to amend this Complaint in that regard.

36.     Plaintiff filed Charges of Discrimination with the DFEH. Plaintiff has exhausted his administrative remedies, received his Notice of Right to Sue letter and timely files this action.

37.     As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against him, Plaintiff has sustained, and continues to sustain, loss of earnings and benefits, the full nature and extent of which are presently unknown to Plaintiff, who therefore, will seek leave of court to amend his complaint at such time as these damages are fully ascertained.

38.     As a further direct and proximate result of Defendant's discriminatory conduct and actions against him in violation of Government Code § 12900 et. seq. as heretofore described, Plaintiff has been damaged and deprived of the security, solace and piece of mind for which he entered the employment relationship with Defendants, and each of them, thereby causing him to suffer emotional and mental distress, anguish, embarrassment and humiliation, all to his general damages in an amount according to proof at trial, but in excess of the jurisdictional amount of this court.

39.     Plaintiff further requests attorney fees be awarded to him pursuant to California Government Code §12965.

40.     Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Defendants described above was done with malice, fraud and oppression and with conscious disregard for his rights and with the intent, design and purpose of injuring him. Defendants, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum according to proof at trial.

**FOURTH CAUSE OF ACTION**

**(RETALIATION AGAINST SKY, LSG AND DOES)**

41.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

42.     Plaintiff is informed and believes, and based thereon alleges, that Defendants subjected him to retaliation as set forth above for taking disability leave which is a protected activity under California Government Code §12900 et seq.

43.     Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendants, and each of them, have engaged in other discriminatory practices against him which are not yet fully known. At such time as said discriminatory practices become known to him, Plaintiff will seek leave of Court to amend this complaint in that regard.

///

44.     Plaintiff filed Charges of Discrimination with the DFEH.  Plaintiff has exhausted his administrative remedies, received his Notice of Right to Sue letter and timely files this action.

45.     As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against him, Plaintiff has sustained, and continues to sustain, loss of earnings, the full nature and extent of which are presently unknown to Plaintiff, who therefore, will seek leave of court to amend his complaint at such time as these damages are fully ascertained.

46.     As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against him, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; he has incurred and will continue to incur medical expenses and for other incidental expenses; and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities  Plaintiff is hereby entitled to general and compensatory damages in amounts to be proven at trial.

47.     Plaintiff further requests attorney fees be awarded to him pursuant to California Government Code §12965.

48.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendants described above was done with fraud, oppression and malice, and with a conscious disregard for his right to be free of retaliation, and with the intent, design and purpose of injuring him.  Plaintiff is further informed and believe that Defendants, through their officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum according to proof at trial.

## FIFTH CAUSE OF ACTION

## (WRONGFUL TERMINATION IN VIOLATION OF

## CALIFORNIA GOVERNMENT CODE SECTION 12900 ET SEQ.

## AGAINST SKY, LSG AND DOES)

49.     Plaintiff realleges and incorporate by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

///



50.     Plaintiff is informed and believes that his employment was terminated as a result of his physical disability in violation of <u>Government Code</u> §12900, et seq.

51.     At all times Plaintiff was an employee within the meaning of Cal. <u>Govt. Code</u> §12926 and at all times during his employment he performed in a competent, satisfactory manner.

52.     Plaintiff filed Charges of Discrimination with the DFEH.  Plaintiff has exhausted his administrative remedies, received his Notice of Right to Sue letter and timely files this action.

53.     As a direct and proximate result of Defendant's termination of Plaintiff in violation of <u>Government Code</u> §12900, et seq., Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress and has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

54.     As a further direct and proximate result of Defendants discriminatory conduct and actions against him in violation of <u>Government Code</u> § 12900 et. seq. as heretofore described, Plaintiff has been damaged and deprived of the security, solace and piece of mind for which he entered the employment relationship with Defendants, and each of them, thereby causing him to suffer emotional and mental distress, anguish, embarrassment and humiliation, all to his general damages in an amount according to proof at trial, but in excess of the jurisdictional amount of this court.

55.     Plaintiff further requests attorney fees be awarded to him pursuant to California <u>Government Code</u> §12965.

56.     Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Defendants described above was done with malice, fraud and oppression and with conscious disregard for his rights and with the intent, design and purpose of injuring him. Defendants, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum according to proof at trial.

///

## SIXTH CAUSE OF ACTION

## (WRONGFUL TERMINATION IN VIOLATION

## OF PUBLIC POLICY AGAINST SKY, LSG AND DOES)

57.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

58.     Plaintiff is informed and believes that his employment was terminated as a result of his physical disability.

59.     It is the public policy of the State of California as expressed in Americans with Disabilities Act, Federal Statute, California Fair Employment and Housing Act, and the Federal and California Constitution that individuals shall not be terminated from their employment on the basis of their disability.

60.     As a direct and proximate result of Defendants termination of Plaintiff in violation of the public policy of the State of California, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress and has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

61.     As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against him, Plaintiff has sustained, and continues to sustain, loss of earnings, the full nature and extent of which are presently unknown to Plaintiff, who therefore, will seek leave of court to amend his complaint at such time as these damages are fully ascertained.

62.     Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Defendants described above was done with malice, fraud and oppression and with conscious disregard for his rights and with the intent, design and purpose of injuring him. Defendants, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum according to proof at trial.

///

COMPLAINT

## SEVENTH CAUSE OF ACTION

### (DEFAMATION AGAINST SKY, LSG, LAZA AND DOES)

63.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

64.     Plaintiff is informed and believes that before and after he was terminated from his employment by Defendants, Defendants made disparaging written and/or oral statements about Plaintiff, where were untrue, including without limitation, that he was unable to perform his job or could not perform his job duties because of medical issues.  These false statements defamed Plaintiff in that they challenged his ability to work and, therefore, had a tendency to injure him in his profession, occupation, and professional reputation.  These statements were the practical equivalent of calling Plaintiff unemployable.  All of the above statements were false, had no basis in fact because he was, in fact, able to work if he had just been accommodated as the law requires, and were made with ill will towards Plaintiff and/or with no reasonable grounds for believing they were truthful, and were no privileged.

65.     Plaintiff is informed and believes Defendants, and each of them, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally cause excessive and unsolicited internal and external publications of defamation, of and concerning Plaintiff, to third persons and/or to the community.  These false and defamatory statements included express and implied accusations that Plaintiff: was unable to work when, in fact, he was able to work if he had simply been provided the legally required accommodations.

66.     While the precise dates of all of these publications are not known to Plaintiff, he is informed and believes that the publications may have occurred in or around March 2009 and continued thereafter for the improper purpose of retaliating against him for the reasons described elsewhere in this Complaint, and were later published and foreseeably republished to first cause, and they justify, Plaintiff's wrongful and illegal termination.  These publications were negligent, reckless, intentional, and maliciously published and republished by Defendants, and each of them.  Plaintiff is informed and believes that the negligent, reckless, and intentional publications by Defendants, and each of them, were and continued to be, foreseeably published and republished by

12

COMPLAINT

1  Defendants, their agents and employees, recipients, in the community. Plaintiff hereby seeks

2  damages for these publications and all foreseeable republications discovered up to the time of trial.

3        67.    During the above-described time-frame, Defendants, and each of them, conspired

4  to, and in fact, did negligently, recklessly, and intentionally cause excessive and unsolicited

5  publication of defamation, of an concerning Plaintiff, to third persons, who had no need or desire

6  to know. Those third person(s) to whom these Defendants published this defamation are believed

7  to include, but are not limited to, other agents and employees of Defendants, and each of them,

8  and/or community, all of whom are known to Defendants, and each of them, but unknown at this

9  time to Plaintiff.

10        68.    The defamatory publications consisted of oral and written, knowingly false and

11  unprivileged communications, tending directly to injure Plaintiff and Plaintiff's personal, business,

12  and professional reputation. These publications were false and defamatory statements in violation

13  of Civil Code §§45 and 46(3)(5).

14        69.    Plaintiff is informed, believes and fears that these false and defamatory per se

15  statements will continue to be published by Defendants, and each of them, and will be foreseeably

16  republished by their recipients, including by Plaintiff through reasonably foreseeable self-

17  compelled republication, all to the ongoing harm and injury to Plaintiff's business, professional,

18  and personal reputations. Plaintiff also seeks redress in this action for all foreseeable

19  republications, including his own compelled self-publication of these defamatory statements.

20        70.    The defamatory meaning of all of the above-described false and defamatory

21  statements and their reference to Plaintiff, were understood by these above-referenced third person

22  recipients and other members of the community who are known to Defendants, and each of them,

23  but unknown to Plaintiff at this time.

24        71.    None of Defendants' defamatory publications against Plaintiff referenced above are

25  true.

26        72.    The above defamatory statements were understood as assertions of fact, and not as

27  opinion.

28  ///

73.     Each of these false defamatory per se publications (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which Plaintiff denies existed), because the publications, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injury Plaintiff in order to justify the illegal and cruel actions of Defendants, and each of them, to cause further damage to Plaintiff's professional and personal reputation, to cause him to be fired, to justify his firing, and to retaliate against Plaintiff for prior ill will, rivalry, and disputes.

74.     Each of these publications by Defendants, and each of them, were made with knowledge that no investigation reasonably supported the false statements.  The Defendants, published these statements knowing them to be false, unsubstantiated by any reasonable investigation and the product of hostile witnesses.  These acts of publication were known by Defendants, and each of them, to be negligent to such a degree as to be reckless.  In fact, not only did Defendants, and each of them, have no reasonable basis to believe these statements, but they also had no belief in the truth of these statements, and in fact knew the statements to be false.  Defendants, and each of them, excessively, negligently, and recklessly published these statements to individuals with no need to know, and who made no inquiry, and who had a mere general or idle curiosity of this information.

75.     As a result of Defendants' defamation, Plaintiff has suffered damages to him reputation.  As a further direct and proximate result of the wrongful conduct of Defendants, Plaintiff has suffered general damages, losses in earnings, bonuses, deferred compensation, employment benefits, earning capacity, opportunities for advancement, work experience, and out-of-pocket expenses and consequential damages, all to Plaintiff's damages in excess of the minimum subject matter jurisdiction of this Court and according to proof.

76.     The above described acts of Defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and Plaintiff's rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code §3294.  Plaintiff requests an assessment of punitive damages against

1   Defendants, in an amount to be proven at time of trial.

2       WHEREFORE, Plaintiff prays for Judgment against Defendants as follows :

3       1.    For general and compensatory damages according to proof;

4       2.    For lost salary, both front and back pay, bonuses, benefits and any other benefits to

5       which Plaintiff would have been entitled to by reason of his employment with

6       Defendants, according to proof;

7       3.    Punitive and exemplary and punitive damages against Defendants;

8       4.    For prejudgment interest at the maximum rate allowed by law;

9       5.    For attorneys' fees for prosecuting this action (on the 1st, 2nd, 3rd, 4th, 5th, and 7th

10      Cause of Action);

11      6.    For costs of suit incurred herein; and

12      7.    For such other and further relief as the Court deems just and proper.

13

14  DATED: June 16, 2010          THE NOURMAND LAW FIRM, APC

15

16            By:

17            Michael Nourmand, Esq.
             Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Michael Nourmand, Esq. (SBN 198439)
THE NOURMAND LAW FIRM, APC
1801 Century Park East
Suite 2600
Los Angeles, California 90067
TELEPHONE NO.: (310) 553-3600   FAX NO.:
ATTORNEY FOR *(Name):* Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUN 18 2010

John A. Clarke, Executive Officer/Clerk

By_____, Deputy
RUGENA LOPEZ

CASE NAME: Cardona v. Sky Chefs, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded $25,000 or less) | [ ] Counter [ ] Joinder | BC439007 |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence        f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive

4. Number of causes of action *(specify):* 7

5. This case [ ] is [x] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 16, 2010

Michael Nourmand, Esq. (SBN 198439)
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | *Legal Solutions Plus* | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

| SHORT TITLE: Cardona v. Sky Chefs, Inc., et al. | CASE NUMBER | BC439997 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [x] YES   CLASS ACTION? [ ] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 5 - 7 [ ] HOURS/ [x] DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (See Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | [ ] A6070  Asbestos Property Damage | 2. |
| | | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | [ ] A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013  Fraud (no contract) | 1., 2., 3. |

| SHORT TITLE: Cardona v. Sky Chefs, Inc., et al. | | CASE NUMBER |
|---|---|---|

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation  Number of parcels _____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer - Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer - Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer - Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Left margin categories: Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.); Employment; Contract; Real Property; Unlawful Detainer; Judicial Review

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

SHORT TITLE: **Cardona v. Sky Chefs, Inc., et al.**    CASE NUMBER

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Judicial Review (Cont'd.)** | | |
| Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | | |
| Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | ☐ A6160  Abstract of Judgment | 2., 6. |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | ☐ A6190  Election Contest | 2. |
| | ☐ A6110  Petition for Change of Name | 2., 7. |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Cardona v. Sky Chefs, Inc., et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| ☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | 7000 World Way West |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90045 | |
|---|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Superior Court of the State ___ courthouse in the Central ___ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: June 16, 2010 ___

_(signature)_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
Michael Nourmand, Esq.

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

**EXHIBIT "B"**

## DECLARATION OF JOHN LILLEY

I, John Lilley, do hereby declare as follows:

1.     I am presently the Senior Vice President Sky Chefs, Inc. On behalf of Sky Chefs, Inc., I agree and consent to the removal to federal court of the lawsuit filed by Dennis Cardona against Sky Chefs, Inc. and others that is entitled <u>Sky Chefs, Inc. a Delaware corporation; LSG Sky  Chefs, a business entity form unknown; Bacilia Laza; and Does 1 through 100, Inclusive</u>, Case No. BC439997.

2.     "LSG Sky Chefs" is an assumed name for Sky Chefs, Inc. and not a legal entity.  Sky Chefs, Inc. does business as "LSG Sky Chefs."

3.     Sky Chefs, Inc. is incorporated under the laws of Delaware.

4.     The national headquarters for Sky Chefs, Inc. is located in Irving, Texas. *All* of the officers and executives that direct, control and coordinate *all* of Sky Chefs' corporate activities for North America are located in Sky Chefs' national headquarters in Irving, Texas.  The officers and executives located in Irving, Texas that direct, control and coordinate Sky Chefs' corporate activities include, but are not limited to, the Chief Operating Officer, the Vice President and General Counsel, the Vice President of Human Resources, the Senior Vice President of Sales, the Vice President of Information Technology, the Senior Vice President of Finance, the Corporate Treasurer, and the Corporate Secretary.  Additionally, key departments of Sky Chefs are in Irving, Texas that help direct, control and coordinate corporate activities and field operations and include, but are not limited to, finance, accounting, purchasing and procurement, employee benefits, employee compensation, payroll, risk management and corporate insurance, safety, security, and legal departments. These departments are essential to the national operation of Sky Chefs. Policies, decisions and instructions regarding the overall operations of Sky Chefs originate and are made solely by the above-identified individuals in Irving, Texas.  Then, they

1

Printed on recycled paper

1  are implemented at the individual facilities or "kitchens."  Only the above-identified

2  officers and executives have the authority and power to make changes and decisions

3  that impact the entire corporation. Aside from kitchens that are located across North

4  American airports, Sky Chefs does not have any other offices, facilities or locations

5  with personnel that are comparable in authority, decision-making power and control

6  to the personnel located in Sky Chefs' national headquarters in Irving, Texas. In

7  other words, there are no upper-level executives and officers for Sky Chefs whose

8  functions are based outside of Irving, Texas.

9        I declare under penalty of perjury that the foregoing is true and correct.

10       Executed this 7th day of April 2011.

11

12

13       John Lilley

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1382203.1

**EXHIBIT "C"**

## DECLARATION OF BACILIA LAZA

I, Bacilia Laza, do hereby declare as follows:

1.    I am presently the Human Resources Manager for the Sky Chefs, Inc. facility located at 7000 World Way West in Los Angeles, California.

2.    I agree and consent to the removal to federal court of the lawsuit filed by Dennis Cardona against me and others that is entitled <u>Sky Chefs, Inc. a Delaware corporation; LSG Sky Chefs, a business entity form unknown; Bacilia Laza; and Does 1 through 100, Inclusive</u>, Case No. BC439997.

3.    Attached to this as Exhibi C-1 is a letter that I generated to notify Mr. Cardona that his employment with Sky Chefs, Inc. ended. I dated this letter March 16, 2009, and I addressed it solely to Mr. Cardona at his place of residence at 9717 Isis Avenue, No. 1 in Los Angeles, California 90045.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___6___ day of April 2011.

Bacilia Laza

1

**EXHIBIT "C-1"**



U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To

Street, Apt. No.;
or PO Box No

City, State, ZIP+4

LAX- 370
7000 World Way West
Los Angeles, CA 90045
Phone (310) 665-7800

March 16, 2009

Dennis A. Cardona
9717 Isis Avenue #1
Los Angeles, CA 90045

RE:   **EXPIRED LEAVE OF ABSENCE**

Dear Mr. Cardona,

We have thoroughly reviewed your leave of absence and find that you have been out on a leave from 01/02/06 to present.

As per our labor contract, employees with a company seniority of five (5) years or more, have three (3) years of leave of absence time as benefit to them during a twelve (12) month rolling period.  As you can see, you've exhausted this leave of absence benefit on **January 02, 2009;** therefore you leave us no choice but to process your employment separation with LSG Sky Chefs effective immediately.

Please do not hesitate to contact our office at (310) 665-7845 if you have any questions or concerns.

Sincerely,

Bacilia Laza
Human Resources Manager

cc:  personnel file, G. Escobar
Enclosure:  Applicable MNA Article

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dennis A. Cardona
9717 Isis Ave #1
Los Angeles, CA 90045

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Rosa Velasco    ☐ Agent
                  ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

Rosa Velasco

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☑ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7007 0220 0000 8053 8749

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-154

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES-CENTRAL DISTRICT

DENNIS CARDONA,                          )
                                         )
              Plaintiff,                 )
                                         )
         vs.                             )     No. BC 439 997
                                         )
SKY CHEFS, INC., etc., et al.,           )
                                         )
              Defendants.                )
_____    )

DEPOSITION OF

DENNIS CARDONA

ENCINO, CALIFORNIA

March 8, 2011

RON FERNICOLA & ASSOCIATES
CERTIFIED SHORTHAND REPORTERS
REPORTED BY:  LAURALEE D. CHAMBERS, CSR #5316
27720 Avenue Scott, Suite 140
Valencia, California 91355
(800) 377-3669

File Number:  11190

RON FERNICOLA & ASSOCIATES

**EXHIBIT "D"**

1   speculation.

2          THE WITNESS:  Yes.

3   BY MR. CUADRA:

4      Q   Can you tell me her job title?

5      A   Human resources director.

6      Q   And at the time of your injury was she employed

7   by Sky Chefs?

8      A   I don't know.

9      Q   Okay.  When was the first time you talked to

10  Bacilia or learned that she was employed by Sky Chefs?

11     A   In March of 2009.

12     Q   And what was her job title then?

13     A   Human resources director I believe.

14     Q   And on what dates do you believe she defamed

15  you?

16     A   I don't recall the exact dates.  It was the

17  first days of March 2009.

18     Q   Was it once?  Was it more than once?

19     A   Once.

20     Q   How did she do it?

21     A   Over the phone.

22     Q   So you contend that or you believe that Bacilia

23  defamed you in March 2009 once over the telephone.  Is

24  that accurate?

25     A   Correct.

                                                    86

1        Q    Okay.  What is it that you -- what is it that
2   she said that you believe is defamatory?
3        A    Because she said she was certain that I
4   couldn't come back to work --
5        Q    What else did she say?
6        A    -- with or without accommodations in my
7   position or any other position in the company.
8        Q    What else did she say?
9        A    That I needed to be a hundred percent to come
10  back to work and I wasn't, I had too many restrictions.
11       Q    She said to you that you had too many
12  restrictions to return to work?
13       A    Correct.
14       Q    Okay.  What else did she say to you that you
15  believe is defamatory?
16       A    The letter she sent me, not over the phone but
17  the letter she sent me.  She sent me a letter, a letter
18  of termination.  That's it.  Over the phone.  That's it.
19       Q    Okay.  So nothing more on that?
20       A    Nothing more on that.
21       Q    Okay.  Do you know whether she was with anyone
22  while she was speaking to you on the telephone?
23       A    No.
24       Q    Do you know whether anyone was on the phone
25  with her?

                                                          87

1      A     No.

2      Q     Do you know whether she discussed your

3  conversation with anyone?

4      A     No.

5      Q     Do you know whether she discussed you with

6  anyone?

7      A     No.

8      Q     Were you calling -- did she call you or did you

9  call her?

10     A     I called her.

11     Q     Did you call her from your home phone?

12     A     Home phone.

13     Q     Did you did you call her at work?

14     A     At work.

15     Q     Were you with anyone when you called?

16     A     No.

17     Q     Did you take notes of this conversation?

18     A     No.

19     Q     Did she take notes of this conversation?

20     A     I don't know.

21     Q     All right.  With regard to this other letter,

22  do you remember what date this letter was?

23     A     Yes, March 16 of 2009.

24     Q     Was this a letter to you from --

25     A     From her to me --

                                                    88

1           MR. NOURMAND:   That's what Sky Chefs says;

2   correct?

3           THE WITNESS:   Correct.

4           MR. CUADRA:   Excuse me.   Will you stop talking

5   over client.   He's not telling you that he doesn't

6   understand --

7           MR. NOURMAND:   Go on to the next question,

8   please.

9           MR. CUADRA:   He's not telling you that he

10  doesn't understand, but you're volunteering information.

11          MR. NOURMAND:   Please ask your next question.

12  BY MR. CUADRA:

13      Q   Because you believe or based on this letter

14  this letter is telling you that you were terminated --

15  your employment was terminated with Sky Chefs because of

16  your expired leave of absence.

17      A   Correct.

18      Q   Okay.   I'm going to take this letter sentence

19  by sentence and going to ask you some questions about

20  it.

21          "Dear Mr. Cardona."

22          Is that defamatory?

23      A   No.

24      Q   Okay.

25          "We have thoroughly reviewed your leave of

                                                    226

1    absence and find that you have been out on leave from

2    January 2, 2006 to the present," which is March 16,

3    2009.

4             Is that false?  Is that incorrect?

5        A    That's correct, but it wasn't because I wanted

6    to be out, you know, for so long.

7        Q    Okay.  Moving on to the next sentence, "As per

8    our labor contract, employees with the company" -- "with

9    a company seniority of five years or more have three

10   years of leave of absence time as a benefit to them

11   during a twelve-month rolling period."

12            Is that correct or incorrect?

13       A    It's correct.

14       Q    Moving on to the next sentence, "As you can

15   see, you have exhausted this leave of absence benefit on

16   January 2, 2009."

17            Is that correct or not correct?

18       A    Correct.

19       Q    "Therefore, you leave us no choice but to

20   process your separation with LSG Sky Chefs effective

21   immediately."

22            MR. NOURMAND:  What?  I'm sorry.  I didn't get

23   the last sentence.

24   BY MR. CUADRA:

25       Q    What about any of these sentences that I have

227

**Ron Fernicola & Associates**

1   just read to you is defamatory?

2        A    Can you read the last sentence, please?

3        Q    What about these last sentences excluding the

4   last sentence is defamatory?

5             MR. NOURMAND:  Objection.  Asked and answered,

6   harassing the witness.  Also, the question calls for

7   legal analysis and lacks foundation.

8             THE WITNESS:  I don't know.

9   BY MR. CUADRA:

10       Q    Okay.  The last sentence says, "Therefore, you

11  leave us no choice but to process your employment

12  separation with LSG Sky Chefs effective immediately."

13            MR. NOURMAND:  What's the question?

14            MR. CUADRA:  He had asked me to read it back.

15            MR. NOURMAND:  Okay.

16  BY MR. CUADRA:

17       Q    Are you aware of any other employees that were

18  not terminated after being on a leave of absence of

19  three years or more with a seniority of five years or

20  more?

21            MR. NOURMAND:  Objection.  Calls for

22  speculation, lacks foundation, not likely to lead to the

23  discovery of admissible evidence.

24            THE WITNESS:  I don't know.

25  ///

                                                        228

1       A    Don't know.

2       Q    You don't know of any other employees?

3       A    No.

4       Q    Okay.  What was your last rate of pay for Sky

5    Chefs?

6       A    $14 an hour.

7       Q    On average how many hours per week would you

8    work before you went out on leave?

9       A    Forty.

10      Q    Can you tell me approximately how much

11   compensation you believe you have lost as a result of

12   the allegations in your lawsuit?

13           MR. NOURMAND:   Objection.  Lacks foundation,

14   assumes facts not in evidence.

15           THE WITNESS:  No, I don't know.

16   BY MR. CUADRA:

17      Q    Okay.  You're claiming that you lost salary,

18   bonuses, benefits as a result of your allegations

19   against defendants.

20      A    Correct.

21      Q    Okay.  Can you tell me what that salary is?

22           MR. NOURMAND:   Objection.

23   BY MR. CUADRA:

24      Q    Can you give me a ballpark figure, an

25   approximation, of how much you believe -- how much

                                                    230

```
 1   BY MR. CUADRA:

 2        Q    Well, you just referred to a time period.  Are

 3   you referring to the same three-year time period --

 4        A    Correct.

 5        Q    -- that you have already --

 6        A    Correct.

 7        Q    Okay.  And do you know of any bonuses you claim

 8   were offered to other employees during this time period?

 9             MR. NOURMAND:  Objection.  Calls for

10   speculation, lacks foundation.

11             THE WITNESS:  I don't know.

12   BY MR. CUADRA:

13        Q    How about overtime?  You also referenced

14   overtime.  Do you know typically what overtime was

15   offered to employees during this time period?

16             MR. NOURMAND:  Objection.  Lacks foundation,

17   calls for speculation.

18             THE WITNESS:  I don't know.

19   BY MR. CUADRA:

20        Q    How about benefits?  What benefits do you

21   believe you were owed?

22             MR. NOURMAND:  Objection.  Vague and ambiguous,

23   also overbroad.

24             THE WITNESS:  Don't know.

25   ///
                                                      238
```

## PROOF OF SERVICE
### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES
CASE NAME:  Dennis Cardona v. Sky Chefs, Inc.

CASE NO:

*I declare as follows:*

I am employed in the County of Los Angeles, California.  I am over the age of 18 years, and not a party to the within action; my business address is 15760 Ventura Boulevard, Suite 1200, Encino, California 91436.  I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

On April 11, 2011, I served a true and correct copy, with all exhibits, of the following documents described as:

### DEFENDANTS' NOTICE OF REMOVAL TO DISTRICT COURT; CERTIFICATION AS TO INTERESTED PARTIES, CIVIL CASE COVER SHEET

☐   On the party or parties named below, by personally delivering a true copy thereof on _____ _____at approximately _____ at Sherman Oaks, California.  Accepted by:_____ (Personal service)

[✓]   on the party or parties named below, by following ordinary business practice, placing a true copy thereof enclosed in a sealed envelope, for collection and mailing with the United States Postal Service, where it would be deposited for first class delivery, postage fully prepaid, in the United States Postal Service, that same day in the ordinary course of business, addressed as set forth below.  (Regular office deposit)

☐   on the interested parties in the within action by placing the above documents in the United States mail for Express Mail delivery at 15760 Ventura Boulevard, Encino, California 91436 in a sealed envelope, with Express Mail postage thereon fully prepaid; by depositing copies of the above documents in a box or other facility regularly maintained by Federal Express, in an envelope or package designated by Federal Express Airbill No. ***, with delivery fees paid by sender's account.  (Code of Civil Procedure §1013(c).)  (Overnight delivery service)

☐   on the interested parties in the within action by transmitting via facsimile machine to the name(s) and facsimile number(s) set forth below.  (Facsimile)

### SEE ATTACHED SERVICE LIST

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on April 11, 2011, at Encino, California.

By:_____
    Signature of Declarant

By:    DIANA RAMIREZ
Type or Print Name of Declarant

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**
CASE NAME:   Dennis Cardona v. Sky Chefs, Inc.
CASE NO: BC439997

Michael Nourmand, Esq.
James DeSario, Esq.
THE NOURMAND LAW FIRM, APC
1801 Century Park East
Suite 2600
Los Angeles, CA 90067

G. Edel Cuadra, Esq.
CONSTANGY, BROOKS & SMITH, LLC
100 Crescent Court, Suite 700
Dallas, TX 75201

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV11- 3019 GAF (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Dennis Cardona | Sky Chefs, Inc. and Bacilia Laza |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Michael Nourmand, Esq.<br>THE NOURMAND LAW FIRM, APC<br>1801 Century Park East, Suite 2600<br>Los Angeles, CA 90067 | Alfred J. Landegger, Esq.<br>CONSTANGY BROOKS & SMITH, LLP<br>15760 Ventura Blvd, Suite 1200<br>Encino, CA 91436<br>(818) 986-7561 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No        ☐ **MONEY DEMANDED IN COMPLAINT:** $ 0.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Alleging state law claims of disability discrimination, failure to accommodate and engage in the interactive process, retaliation, defamation, and other derivative claims of common law and statutory wrongful termination arising from his employment with Sky Chefts.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service |  | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations |  | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise |  | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION |  | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions |  |  | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land |  |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability |  |  |  | ☐ 871 IRS - Third Party 26 USC 7609 |
|  | ☐ 290 All Other Real Property |  |  |  |  |

**CV11-03019**

**FOR OFFICE USE ONLY:**   Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)          CIVIL COVER SHEET          Page 1 of 2

CCD-JS44

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

VIII(a).  **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  [X] No  [____] Yes

If yes, list case number(s): _____

VIII(b).  **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  [X] No  [____] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  [____]  A.  Arise from the same or closely related transactions, happenings, or events; or

[____]  B.  Call for determination of the same or substantially related or similar questions of law and fact; or

[____]  C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

[____]  D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

IX.  **VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

[____] Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

[____] Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Texas |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _Alfred J. Landegger, Esq._   Date April 8, 2011

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |